JAMES FARRAR *et al.*, Respondents, *v.* NATHAN DAVID, Appellant.

*Practice—Instructions.*—Instructions asked at the trial must not require the court to assert as fact what it is the province of the jury to determine.

*Appeal from St. Louis Land Court.*

*Shreve*, for respondents.

*Hart*, for appellant.

BATES, Judge, delivered the opinion of the court.

This is an action for unlawful detainer. At the trial, the defendant claimed the right to hold over, after the termination of a lease to him, under a clause in the lease giving him the privilege to purchase the land; but the court gave all the instructions he asked on that subject, and no instructions were given for the plaintiff.

The court refused three other instructions asked by the defendant. The first was, "upon the evidence the plaintiffs cannot recover in this form of proceeding." We suppose that it is not expected that we will review this instruction. We do not weigh the testimony.

The second was, "the demand of notice to quit being on the same day of the institution of the suit, under the evidence in this case, the plaintiff cannot recover."

Without looking into other questions which might be involved in a consideration of this instruction, it is sufficient to say that it was improper in that it required the court to assert as a fact that the demand was made on the "same day of the institution of the suit."

The third was, "it being shown by the evidence, at the time of the notice to quit and institution of this suit, Emanuel Jewell, one of the plaintiffs, had retired from the trust and relinquished his right and title to the property in dispute to other trustees, the plaintiffs are not entitled to recover."

This instruction also required the court to determine matters of fact, and also required the consideration of a question of title, which is not to be considered in this form of action.

Judgment affirmed.   Judges Bay and Dryden concur.